CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO
RULE 34(j) OF THE COURT'S RULES

No. 25-7114

In the
# United States Court of Appeals
## for the District of Columbia Circuit

DOE CORPORATION 1,

DOE CORPORATION 2,

DOE CORPORATION 3,

DOE CORPORATION 4,

      *Plaintiffs-Appellants,*

v.

INTER-AMERICAN DEVELOPMENT BANK,

      *Defendant-Appellee.*

On Appeal from the United States District Court for the
District of Columbia, No. 1:25-cv-01404-UNA

**APPELLANTS' MOTION FOR EXPEDITED CONSIDERATION OF
THIS APPEAL**

Margaret E. Krawiec
Michael A. McIntosh
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
margaret.krawiec@skadden.com

*Counsel for Plaintiffs-Appellants Doe
Corporation 1, Doe Corporation 2, Doe
Corporation 3, and Doe Corporation 4*

# MOTION FOR EXPEDITED CONSIDERATION OF THIS APPEAL

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Plaintiffs-Appellants Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4 (collectively, "Doe Corporations") respectfully move for expedited consideration and adjudication of their appeal in the above-captioned case. The appeal is ripe for a prompt ruling: Doe Corporations are contemporaneously filing their principal brief and associated materials, which will complete all submissions necessary to resolve the appeal. And Doe Corporations will continue to face irreparable harm in the absence of an expeditious ruling by this Court.

Doe Corporations commenced this action in the District Court on May 8, 2025 to halt internal enforcement proceedings initiated against them by Defendant-Appellee Inter-American Development Bank (the "IDB"). As explained in more detail in Doe Corporations' principal brief, the IDB lacks authority to conduct enforcement proceedings and ultimately impose sanctions against Doe Corporations. Doe Corporations filed a Motion for Preliminary Injunction on the same day as the Complaint, requesting that the District Court immediately bar the IDB from continuing the enforcement proceedings or disclosing any information concerning those proceedings to

third parties.  Doe Corporations catalogued the irreparable harm that would result in the absence of prompt injunctive relief, including irreversible reputational damage and loss of business from disclosure of the IDB's fundamentally flawed allegations of wrongdoing, along with the harm caused by being forced to participate in unauthorized enforcement proceedings.  Unfortunately, these harms already have begun to materialize while Doe Corporations' request for a preliminary injunction remains pending.  The IDB has improperly disclosed to third parties information concerning the pending proceedings—as well as its position that Doe Corporations are "guilty."  The IDB's proceedings continue unabated in the meantime; Doe Corporations are required to submit an extensive response to the IDB's allegations by September 29.

Public disclosure of Doe Corporations' involvement in the IDB's faulty enforcement proceedings in filings in this litigation would bring about the very harms that Doe Corporations initiated this action to prevent.  Consequently, Doe Corporations requested that the District Court permit them to conduct this litigation under pseudonyms.  The District Court denied Doe Corporations' request and subsequent motion to reconsider.  Doe Corporations promptly noted this appeal, which presents the sole issue

whether the District Court erred by precluding Doe Corporations from proceeding pseudonymously in this litigation.

Doe Corporations respectfully submit that expedited consideration of this appeal is amply justified. A ruling on the threshold pseudonymity issue is required before Doe Corporations can pursue their request for preliminary injunctive relief, which is necessary to stop the irreparable and ongoing harm brought about by the IDB's illegitimate actions. As outlined in Doe Corporations' principal brief, moreover, the District Court's denial of Doe Corporations' request to proceed pseudonymously conflicts with this Court's controlling precedent in several fundamental ways. Finally, Doe Corporations have diligently sought prompt rulings at every step of this case, and the public interest will be served through expedited consideration of this appeal.

Accordingly, Doe Corporations respectfully request that the Court hold any oral argument and enter judgment on their appeal as soon as practicable.

## I. BACKGROUND

Doe Corporations' contemporaneously filed principal brief describes in detail this case's relevant factual and procedural background. For ease of reference, this Motion briefly summarizes that background.

### A. Factual Background

Doe Corporation 3, a subsidiary of Doe Corporation 1, executed an agreement to complete a Commercial Project (the "Commercial Project Agreement"). App. 8 (Compl.). In 2018, over a year later, Doe Corporation 3 obtained financing from the IDB and other parties to partially fund the project. *Id.* Doe Corporation 1, Doe Corporation 2, and Doe Corporation 3 entered into a series of contracts with the IDB and those other lenders to govern the terms of the loans. *Id.* 8–9. Doe Corporation 3 received installments of the IDB loan in 2019 and 2020, and Doe Corporations have otherwise adequately performed on the contracts. *Id.* 10.

In 2020, the IDB's Office of Institutional Integrity (the "OII") initiated an investigation into events concerning the granting of the Commercial Project Agreement. *Id.* The OII's investigation centered exclusively on conduct that predates, by more than a year, the beginning of any contractual relationship between Doe Corporations and the IDB, and the disbursement of any

funds. *Id.* Notably, Doe Corporations had previously and proactively raised reports of the underlying allegations to the IDB's affiliate, cooperating with that affiliate's subsequent due diligence efforts. *Id.* 10–11. Doe Corporations continued to receive loan disbursements from the IDB and its affiliate both during the diligence process and after completion. *Id.*

Although Doe Corporations cooperated with the OII's investigation throughout, they maintained that (i) the OII's substantive allegations were baseless, and (ii) the IDB lacked any authority to bring enforcement proceedings against them based solely on alleged pre-agreement conduct. *Id.* 11. Nevertheless, on April 28, 2025, the IDB's Office of the Sanctions Officer served formal Notices of Administrative Action (the "Notices") on each of the four Doe Corporations under the IDB's internal Sanctions Procedures. *Id.* 11–12. The IDB alleges that Doe Corporations engaged in so-called "Prohibited Practices," as defined in the IDB's Sanctions Procedures, in connection with the underlying Commercial Project Agreement. *Id.* 12. All conduct underlying these allegations predates the parties' contractual relationship, and none of it relates to the use of funds provided by the IDB. *Id.*

The Notices triggered formal IDB enforcement proceedings (referred to as "sanctions proceedings") against Doe Corporations. Doe Corporations'

formal substantive response to these charges is due on September 29, 2025; failure to respond constitutes an admission of the IDB's allegations and the waiver of any future right to appeal the Sanctions Officer's final determination to the IDB's Sanctions Committee. *Id.* After September 29, the IDB's Sanctions Officer is free at any time to issue his determination and impose corresponding sanctions. The decision will become public absent a successful appeal to the Sanctions Committee.

### B. Procedural Background

Ten days after receiving the Notices, Doe Corporations promptly brought suit in the District Court against the IDB, asserting that the IDB's unauthorized and improper proceedings against Doe Corporations constituted a breach of the parties' contracts and a breach of the implied covenant of good faith and fair dealing, and seeking injunctive, monetary, and declaratory relief. *See* App. 24–31 (Compl.).

Contemporaneous with the Complaint, Doe Corporations also filed a Motion for Preliminary Injunction requesting that the District Court bar the IDB from continuing the pending enforcement proceedings, or disclosing any information relating to those proceedings or the underlying allegations, pending resolution of Doe Corporations' claims. ECF No. 3 (Mot. for Prelim.

Inj.).[1] In support of their request, Doe Corporations outlined in detail the irreparable reputational harm that they will suffer—regardless of the ultimate result of the IDB's proceedings—should the IDB's baseless allegations against Doe Corporations, and the IDB's flawed finding of sufficient evidence of wrongdoing to initiate sanctions proceedings, be publicly disclosed. *See* ECF No. 3-1, at 31–42 (Mem. in Support of Mot. for Prelim. Inj.). Doe Corporations also explained the reasons why it is exceedingly unlikely that the sanctions proceedings would, or could, be resolved in their favor. *Id.* at 35–38. Absent immediate relief, Doe Corporations are virtually certain to be subject to debilitating sanctions and the further reputational impact that would follow such a determination, from which there is no right to external review. *Id.* at 39–40.

Doe Corporations also presented evidence showing that these harms have already begun to materialize even during the pendency of the IDB's supposedly confidential (and unadjudicated) proceedings. Earlier this year,

---

[1] Doe Corporations' citations to "App. \_\_" refer to entries in Doe Corporations' Appendix, which is being filed contemporaneously with this Motion. Doe Corporations' citations to "ECF No. \_\_\_" refer to docket entries in the underlying District Court action, *Doe Corp. 1 v. Inter-American Development Bank*, No. 1:25-cv-01404-UNA (D.D.C. filed May 8, 2025), that Doe Corporations have not reproduced in the Appendix.

a government agency in a country in which Doe Corporations conduct significant business invited a subsidiary of Doe Corporation 1 to participate in a prominent regional event that the agency hosts in partnership with the IDB. App. 23 (Compl.). The agency abruptly barred the subsidiary from participating in the event on account of "integrity concerns" with Doe Corporations raised by the IDB. *Id.* The IDB's disclosure of such concerns has seriously undermined Doe Corporations' standing in a key market and at a critical time when an affiliate is negotiating additional investments within that market. *Id.*; *see also* ECF No. 3-1, at 32–33 (Mem. in Support of Mot. for Prelim. Inj.). In support of these and other assertions of irreparable harm, Doe Corporations submitted a declaration from the Chief Legal Officer and General Counsel of Doe Corporation 1. *See* App. (Sealed Supp.) 47–53 (Decl. in Support of Mot. to Proceed Under Pseudonym and Mot. for Prelim. Inj.).[2]

---

[2] Doe Corporations subsequently learned of yet another unauthorized disclosure on the part of the IDB. *See* ECF No. 11, at 2 (Not. Regarding Pending Mot. to Reconsider). Although Doe Corporations' ability to expound further on the disclosure is limited to protect third parties' confidentiality concerns, they can represent that the IDB remarked to one or more third parties that Doe Corporations are "guilty" based on the investigation conducted to date. *Id.*

For many of the same reasons asserted in their request for preliminary injunctive relief, Doe Corporations also filed a Motion to Proceed Under Pseudonym (the "Motion") contemporaneously with the Complaint. *See* ECF No. 2 (Mot. to Proceed Under Pseudonym); ECF No. 2-1 (Mem. in Support of Mot. to Proceed Under Pseudonym). On May 14, the District Court denied the Motion, App. 32–37 (the "May 14 Order")—despite concluding that Doe Corporations had established that disclosure of their identities "'would likely cause them debilitating reputational and financial hardship,'" *id.* 34 (citation omitted), and that the IDB "would suffer no 'risk of unfairness' if the Motion were granted," *id.* 36. Five days later, on May 19, Doe Corporations moved to reconsider the May 14 Order. *See* ECF No. 8 (Mot. to Reconsider); ECF No. 8-1 (Mem. in Support of Mot. to Reconsider). The District Court did not rule on the motion to reconsider for over two months, ultimately denying the motion on July 30. *See* App. 38–44 (the "July 30 Order" and, with the May 14 Order, the "Orders").

On August 4, Doe Corporations timely noted their appeal of both Orders. ECF No. 15 (Not. of Appeal). Doe Corporations also filed a motion to stay any closure of the case pending the resolution of this appeal. ECF No. 14 (Mot. to Stay).

This Court docketed the appeal on August 15 and issued a briefing order requiring Doe Corporations to file their principal brief and the Appendix by October 6. Because no summons has been issued and the IDB has not yet appeared in this litigation, no further submissions in this Court are contemplated.

## II. ARGUMENT

This Court may expedite consideration of a case when required by statute or otherwise justified by good cause. *See, e.g.*, U.S. Court of Appeals for the D.C. Circuit, *Handbook of Practice and Internal Procedures* 34 (2025) [hereinafter "*Handbook*"]; *see also* D.C. Cir. R. 27(e). Good cause exists to expedite an action if the "delay will cause irreparable injury and . . . the decision under review is subject to substantial challenge," or "if the public generally, or . . . persons not before the Court, have an unusual interest in prompt disposition." *Handbook*, *supra*, at 34.

Under any analysis, Doe Corporations' appeal merits expedited consideration.

### A. Delay in Adjudicating Doe Corporations' Appeal Will Cause Irreparable Harm.

The Court's expedited treatment of this appeal is critical given the posture of this case and the nature of the harm it seeks to avoid. As outlined above, *see supra* pp. 7–9, Doe Corporations initiated this action and requested a preliminary injunction to halt the IDB's unlawful sanctions proceedings and prevent ongoing and irreparable harm from continuing. And, indeed, the District Court recognized the magnitude of harm that Doe Corporations face from disclosure of the IDB's sanctions proceedings. *See* App. 34 (May 14 Order) ("'[P]ublic disclosure that [Doe Corporations] are subject to an ongoing [IDB] investigation would likely cause them debilitating reputational and financial hardship.'" (second alteration in original) (citation omitted)).

But the District Court's denial of the Motion and Doe Corporations' request for reconsideration—the subject of this appeal—precludes Doe Corporations from pursuing and obtaining a ruling on their request for immediate injunctive relief. Doe Corporations cannot continue with this action in their true names because doing so would effectively nullify their claims and bring about the very irreparable harm that this action seeks to

avoid. Accordingly, expedited resolution of this appeal is necessary to put an end to ongoing irreversible harms, caused by the IDB's improper external disclosure of information concerning its flawed investigation and views of the evidence, and to prevent even graver harm from imminently occurring.[3]

**B. Doe Corporations' Appeal Raises a Substantial Challenge to the District Court's Ruling.**

Doe Corporations' appeal also presents, at a minimum, a "substantial challenge" to the District Court's ruling. Indeed, the District Court itself recognized the strength of Doe Corporations' arguments, observing that the Motion "raise[d] close questions." App. 33 (May 14 Order). And the District Court concluded that Doe Corporations had satisfied two critical components of the five-part test that it applied to Doe Corporations' request for pseudonymity: that disclosure of their identities "'would likely cause them debilitating reputational and financial hardship,'" *id.* 34 (citation omitted), and that the IDB "would suffer no 'risk of unfairness' if the Motion were granted," *id.* 36; *see also id.* 42 (July 30 Order) ("The Court fully acknowledges

---

[3] Given the pending Motion for Preliminary Injunction in the District Court, and Doe Corporations' inability to obtain a ruling pending disposition of this appeal, 28 U.S.C. § 1657(a) further supports expedited consideration. *See id.* (requiring courts to "expedite the consideration of . . . any action for temporary or preliminary injunctive relief").

- 13 -

that Plaintiffs possess a substantial privacy interest in this case and little risk of prejudice to IDB from pseudonymity.").

As explained more fully in Doe Corporations' principal brief, the District Court's rigid application of the governing standard conflicts with this Court's precedent in at least three fundamental ways. *First*, the District Court applied the wrong criteria when assessing Doe Corporations' request to proceed under pseudonym, giving full and equal weight to two factors that categorically do not apply to non-individual plaintiffs (like Doe Corporations). *Second*, the District Court abused its discretion by entirely failing to conduct the prescribed balancing of each of the five factors in the operative test and, in the process, issuing the first known ruling in this Circuit rejecting pseudonymity despite the moving party's successful showing of a significant privacy interest and lack of prejudice to the opposing party. *Third*, the District Court abused its discretion by misapplying two of the five factors, which, properly examined, favor pseudonymity and thus mean that four of five factors support the Motion.

### C. The Public Has a Strong Interest in Prompt Resolution of This Appeal.

The public and persons not before the Court have a strong interest in prompt resolution of this appeal. Doe Corporations' appeal raises critical questions concerning the ability of non-individual plaintiffs to challenge official action pseudonymously. As long as it stands, the District Court's ruling will all but eliminate the ability of non-individuals to bring suit pseudonymously against government actors, thereby chilling actions seeking to check official power. At the same time, the appeal presents issues surrounding the proper application of the standard for assessing requests to proceed pseudonymously. Given the significant recent increase in actions filed in this Circuit in which litigants have requested pseudonymity, prompt clarity on the issues raised in this appeal is particularly important.

### D. Doe Corporations Have Diligently Sought an Expedited Ruling.

Expedited consideration of Doe Corporations' appeal is particularly justified in light of Doe Corporations' diligence. Indeed, Doe Corporations have acted with urgency at every turn. Despite their best efforts, however, their Motion for Preliminary Injunction remains pending over four months after its filing.

Doe Corporations filed the underlying action a mere ten days after receiving the IDB's formal charging documents and sought reconsideration of the District Court's May 14 Order just five days later.  When the District Court failed to rule on the motion to reconsider for more than a month, Doe Corporations filed a notice requesting a prompt ruling on June 23.  Ultimately, the District Court waited over two months to deny the motion to reconsider.  Doe Corporations noted their appeal only five days after that and are filing their principal brief and Appendix six weeks before the Court-ordered deadline.  Because no summons has been issued and the IDB has neither been served nor otherwise appeared here or in the District Court proceedings, Doe Corporations' filings complete the submission of materials to this Court.  This appeal is now fully ripe for decision.

## III. CONCLUSION

For the foregoing reasons, Doe Corporations respectfully request that this Court expedite consideration of this appeal.

Dated:  August 25, 2025

Respectfully submitted,

*/s/ Margaret E. Krawiec*

Margaret E. Krawiec
Michael A. McIntosh
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone:  202-371-7000
margaret.krawiec@skadden.com

*Counsel for Plaintiffs-Appellants Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4*

# CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 2,849 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), and (2) this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated:  August 25, 2025

Respectfully submitted,

*/s/ Margaret E. Krawiec*
Margaret E. Krawiec
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone:  202-371-7000
margaret.krawiec@skadden.com

*Counsel for Plaintiffs-Appellants Doe Corporation 1, Doe Corporation 2, Doe Corporation 3, and Doe Corporation 4*