# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-7114**　　　　　　　　　　　　　　　　**September Term, 2025**

**1:25-cv-01404-UNA**

**Filed On:** December 4, 2025

Doe Corporation 1, et al.,

      Appellants

    v.

Inter-American Development Bank,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**　　Henderson, Wilkins, and Pan, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellants. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment as amicus curiae or for leave to file an amicus brief, the response thereto, and the lodged amicus brief; the motion for leave to file a reply brief and the lodged reply brief; and the motion to expedite, it is

**ORDERED** that the motion for appointment as amicus curiae be denied and the alternative motion for leave to file an amicus brief be granted. The Clerk is directed to file the lodged amicus brief. It is

**FURTHER ORDERED** that the motion for leave to file a reply brief be granted. The Clerk is directed to file the lodged reply brief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's May 14, 2025 and July 30, 2025 orders be affirmed. Appellants have not shown that the district court erred by utilizing the five factors set forth in In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019), or by considering the risk of retaliatory physical or mental harm or the ages of the persons whose privacy interests are sought to be protected when considering their request to proceed pseudonymously. See In re Sealed Case, 971 F.3d 324, 326-29 (D.C. Cir. 2020) (considering each of the five factors when evaluating non-individual's request for pseudonymity). Although appellants contend that these factors

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-7114**                                                                 **September Term, 2025**

are not relevant when, as here, non-individuals request pseudonymity, they have not established that only those factors that support a party's request should be considered, and their arguments in favor of that outcome find no support in this court's case law and run contrary to the principle that permission to litigate under a pseudonym is a "rare dispensation" that requires litigants to meet a correspondingly "weighty burden." Id. at 326.

Appellants also do not demonstrate that the district court abused its discretion in concluding that they did not meet their burden to overcome the presumption of openness in judicial proceedings. Appellants have not shown that the district court's decision is an "extreme outlier" or that the district court failed to conduct any qualitative balancing of the factors, and their concerns regarding a potential chilling effect of the district court's decision do not demonstrate any abuse of discretion. Although appellants disagree with the district court's outcome, they do not demonstrate that the reasons given by the district court fail to reasonably support its conclusion. See In re Sealed Case, 931 F.3d at 96.

Appellants also fail to show any abuse of discretion in the district court's conclusion that the factors concerning the risk of retaliatory harm and the nature of the party's claims supported disclosure of their identities. Appellants do not dispute that proceeding publicly in this case presents no risk of retaliatory physical or mental harm. Although appellants contend that the district court should have determined that they demonstrated a sufficient risk of retaliatory harm from potential lost business, appellants have forfeited this argument by not making it in the district court. See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." (citation and internal quotation marks omitted)). And, given the "far-reaching consequences" of their claims, Doe v. Hill, 141 F.4th 291, 299 (D.C. Cir. 2025), appellants do not show that the district court abused its discretion in concluding that the nature of those claims and the relief sought supported disclosure of their identities. It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-7114**             **September Term, 2025**

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**